**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| Mary Elizabeth Reid,<br>  Plaintiff<br><br>v.<br><br>Diversified Consultants, Inc.,<br>  Defendant | Docket 3:12-cv-01288-TMB<br><br>(MAGISTRATE JUDGE THOMAS M. BLEWITT)<br><br><br>FILED ELECTRONICALLY |

### MOTION TO ENFORCE SETTLEMENT

*Introduction*

1. On March 21, 2013, this case settled. The parties agreed that they would enter into a mutual release of all claims, and that Defendant would pay Plaintiff $50,000.00 ("the Terms"). Defendant is now refusing to honor the settlement. Plaintiff seeks an order requiring Defendant to comply with the settlement.

*Factual Background*

2. On March 20, 2013 at 5:05 PM, Defendant offered to settle this matter for the Terms. An email extending this offer of is attached as Exhibit A.

3. On March 20, 2013 at approximately 6:00 PM, counsel for Plaintiff called Defendant's counsel to discuss the case. During this conversation, Plaintiff's counsel stated that Plaintiff intended to sleep on Defendant's settlement offer. (Freeman Aff. ¶ 3; Sabatini Aff. ¶ 3.) He also stated that if the parties agreed to split the difference between their respective settlement positions he was confident that Plaintiff would take that amount. (Freeman Aff. ¶ 4; Sabatini Aff. ¶ 4.)

Affidavits from Plaintiff's attorneys, Brett Freeman and Carlo Sabatini, detailing, *inter alia*, this conversation are attached to this motion.

4. On March 21, 2013 at 11:36 AM, Defendant's counsel sent an email stating that Defendant had rejected Plaintiff's counteroffer, and wished to proceed with the litigation. A copy of this email is attached as Exhibit B.

5. Shortly thereafter, Plaintiff's counsel responded to this email and explained that Plaintiff never made a counteroffer at $62,500, and that Plaintiff wished to accept the Terms. A copy of this email is attached as Exhibit C.

6. Defendant's counsel subsequently emailed Plaintiff's counsel and indicated that Defendant's offer "was rejected and was taken off the table by [Plaintiff's] counteroffer." In addition, Defendant indicated that it no longer wanted to settle for the Terms. A copy of this email is attached as Exhibit D.[1]

7. However, despite Defendant's change of heart, a binding settlement was reached when Plaintiff's counsel emailed Defendant's counsel and stated that Plaintiff accepted DCI's settlement offer.

8. Thus, the Court should enforce the settlement.

9. In addition, Plaintiff should receive an award of attorney's fees for all of the time she has been required to spend after the settlement was reached.

---

[1] Counsel for the parties also participated in a phone call to discuss this disagreement. During this phone call, Defendant's counsel admitted that Plaintiff's counsel stated that Plaintiff wished to sleep on Defendant's settlement offer. (Freeman Aff. ¶ 12; Sabatini Aff. ¶ 7.)

10. Defendant's failure to comply with the settlement amounts to bad faith, and other Courts have awarded fees based on the failure to comply with a settlement agreement.[2]

11. In addition, Defendant should be required to pay fees because Plaintiff has alleged a claim under the Fair Debt Collection Practices Act, which awards a plaintiff who has brought a successful action to enforce liability her reasonable attorney's fees. 15 U.S.C. § 1692k(a)(3). Other courts have acknowledged that, with fee shifting statutes, it makes sense for fees to be awarded even after liability has been established.[3] In addition, there is support in this Circuit for awarding fees

---

[2] *See, e.g., Interspiro USA, Inc. v. Figgie Intern., Inc.*, 815 F.Supp.1488, 1521-22 (D. Del. 1993)(citing *Hobbs & Co., Inc. v. American Investors Management, Inc.*, 576 F.2d 29, 35-36 & n.18 (3d Cir. 1978)); *Palmas Del Sol, S.E. v. U.S. Fid. & Guar. Co.*, 338 F. Supp. 2d 303, 306 (D.P.R. 2004)(awarding interest and attorney's fees after a party failed to comply with a settlement); *Schmidt v. Zazzara*, 544 F.2d 412 (9th Cir. 1976)(awarding fees incurred to enforce a consent judgment even though the consent judgment stated that each party was to bear its own costs and attorney's fees); *Vari-O-Matic Mach. Corp. v. New York Sewing Mach. Attachment Corp.*, 629 F. Supp. 257 (S.D.N.Y. 1986)(awarding fees when it found that the failure to comply with the settlement agreement was done in bad faith).

[3] *See Hernandez v. Kalinowski*, 146 F.3d 196, 199 (3d Cir. 1998)("courts consistently have interpreted fee shifting statutes ... to provide for reasonable fees for all time spent in the vindication of statutory ... rights, including fees related to the preparation and litigation of motions for attorney's fees"); *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 981 (9th Cir. 2008)("it would be inconsistent to dilute a fee[] award by refusing to compensate attorneys for the time they reasonably spent in establishing their rightful claim to the fee."). Courts have also awarded fees for time spent having to collect on a judgment. *See Free v. Briody*, 793 F.2d 807, 809 (7th Cir. 1986)(awarding fees under ERISA for time spent trying

3

under a fee shifting statute when a party has failed to comply with a settlement. *See, e.g., Funk v. Cigna Group Ins.*, 2012 WL 870220 at *2 n.5 (D.N.J. March 14, 2012)(specifically noting that it was awarding Plaintiff fees and costs to enforce the settlement agreement under ERISA, as opposed to using its inherent authority).

WHEREFORE, Plaintiff respectfully requests that this Court:

(1) declare that this action has been settled;

(2) order Defendant to pay the agreed-upon settlement amount of $50,000.00 within 14 days; and

(3) order Defendant to pay Plaintiff the reasonable fees and costs that she has been forced to incur in this matter since March 21, 2013.

                                                                     s/ Brett Freeman
Brett Freeman, Bar ID: PA 308834
Sabatini Law Firm, LLC
Attorney for Plaintiff
216 N. Blakely St.
Dunmore, PA 18512
Phone (570) 341-9000
Facsimile (570) 504-2769
Email: bfecf@bankruptcypa.com

**CERTIFICATION REGARDING CONCURRENCE**

Defendant has indicated that it does not concur with the relief requested.

---

to collect on a judgment); *see also Collins v. Bowman, Heintz, Boscia & Vician P.C.*, 2012 WL 1142442 (S.D. Ind. Mar. 8, 2012) *report and recommendation adopted,* 2012 WL 1142560 (S.D. Ind. Apr. 4, 2012) *reconsideration denied,* 2012 WL 3756652 (S.D. Ind. Aug. 28, 2012)(awarding post-judgment fees, citing *Free*).

s/ Brett Freeman<br>Brett Freeman

## **CERTIFICATE OF SERVICE**

This document is being served upon Defendant through the CM/ECF system.

s/ Brett Freeman<br>Brett Freeman