# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Mary Elizabeth Reid,<br>　　　Plaintiff<br><br>v.<br><br>Diversified Consultants, Inc.,<br>　　　Defendant | Docket 3:12-cv-01288-MEM<br><br>(MAGISTRATE JUDGE THOMAS M. BLEWITT)<br><br><br>FILED ELECTRONICALLY |

## AFFIDAVIT OF BRETT FREEMAN

I, Brett Freeman, do hereby state:

1. I represent the Plaintiff in this lawsuit.

2. On March 20, 2013, I received from John Brigandi, one of Defendant's attorneys, the email attached as Exhibit A to Plaintiff's Motion to Enforce.

3. That same day, I called Mr. Brigandi and told him that my client was going to "sleep on" Defendant's settlement offer.

4. During this conversation, I told Mr. Brigandi that I believed Plaintiff would agree to settle if Defendant would split the difference between their respective settlement positions.

5. However, at no point during this conversation did I say that Plaintiff was rejecting Defendant's offer or that Plaintiff had a counteroffer.

6. Rather, I merely informed Mr. Brigandi that Plaintiff needed to sleep on the current offer.

7. In addition, at no point during this conversation did Mr. Brigandi indicate that Defendant was withdrawing its settlement offer.

8. The following day, I received the email attached as Exhibit B to Plaintiff's Motion to Enforce, which stated for the first time that Defendant believed Plaintiff had made a counteroffer of $62,500.00.

9. I promptly responded to this email, and informed Mr. Brigandi that Plaintiff had never extended a counteroffer. I also accepted Defendant's offer of $50,000.00 to settle this matter. The email attached to Plaintiff's Motion to Enforce as Exhibit C is a true and accurate copy of my response.

10. Mr. Brigandi responded to my email and indicated that his belief was that Plaintiff had rejected Defendant's offer when she made a counteroffer, and that Defendant was no longer willing to settle for $50,000.00. The email attached to Plaintiff's Motion to Enforce as Exhibit D is a true and accurate copy of my response.

11. Later that same day, I participated in a conference call with my co-counsel Carlo Sabatini, Mr. Brigandi, and his co-counsel Cindy Salvo.

12. During this conference call, Mr. Brigandi:

    a. admitted that I had informed him the previous evening that Plaintiff needed to sleep on Defendant's $50,000 settlement offer; and

      b. stated that he nevertheless interpreted the discussion regarding $62,500.00 as a counter-offer.

13. In addition, during this conference call Ms. Salvo admitted that she was not in the room with Mr. Brigandi when the previous evening's phone call occurred.

I declare under penalty of perjury that the foregoing is true and correct. 28 U.S.C. § 1746(2).

Date: April 4, 2013                                s/ Brett Freeman
                                                                           Brett Freeman