IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARY ELIZABETH REID | CIVIL ACTION NO. **3:CV-12-1288** |
| | Magistrate Judge Blewitt |
| Plaintiff | |
| v. | |
| DIVERSIFIED CONSULTANTS, INC., | |
| Defendant | |

## MEMORANDUM AND ORDER

### I. BACKGROUND.

This case was instituted, through counsel, on June 5, 2012, by Plaintiff Mary Elizabeth Reid in the Court of Common Pleas of Lackawanna County. Named as Defendant is Diversified Consultants, Inc. ("DCI"). On July 5, 2012, Defendant DCI filed a Notice of Removal pursuant to 28 U.S.C. § 1441(b) and §1331.[1] (Docs. 1 & 1-3). Defendant DCI filed its Answer to the Complaint on July 11, 2012. (Doc. 2). Subsequently, the Court issued scheduling orders and set case deadlines. (Docs. 7 & 10).

This action was originally referred to the undersigned pursuant to 28 U.S.C. § 636 (b)(1)(A) for pre-trial matters, but the parties consented to proceed before the undersigned for all matters pursuant to § 636(c). (Docs. 9 & 10).

---

[1] Jurisdiction of this Court is properly based on federal question, 28 U.S.C. § 1331, pursuant to Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§1692, et. seq., and the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. §§227, et seq.

On April 9, 2013, Plaintiff filed a Notice of Settlement. (Doc. 12). On April 10, 2013, the Court issued an Order dismissing this case and affording each party the right to re-open the case if the settlement was not consummated. (Doc. 13). Also, on April 10, 2013, the Court conducted a telephone conference call with counsel for the parties and directed that Attachment 1 to Plaintiff's Notice of Settlement, which contained the amount of the settlement, be filed under seal. (Doc. 14). The Court found that confidentiality was important to Defendant.

On July 29, 2013, Plaintiff filed a Status Report and requested that the Court allow her to re-open her case to file a motion to enforce the settlement. (Doc. 15). On July 31, 2013, the Court issued an Order granting Plaintiff 's request to re-open this case. (Doc. 16).

On August 12, 2013, Plaintiff filed a Motion to Enforce Settlement with attached Exhibits. **(Doc. 17)**. Plaintiff's Exhibit A is a copy of Defendant's April 8, 2013 e-mail settlement offer to Plaintiff in the amount of $50,000, payable in monthly installments of $10,000 commencing July 1, 2013, and Plaintiff's Exhibit B is a copy of Plaintiff's April 8, 2013 acceptance e-mail.[2] (Docs. 17-1 & 17-2). Plaintiff filed her support brief on August 26, 2013. (Doc. 18). Defendant DCI filed its opposition brief with attached Exhibits, A-D, on September 10, 2013. (Doc. 19). Plaintiff then filed her reply brief on September 11, 2013. (Doc. 20).

The Court scheduled oral argument with respect to Plaintiff's Motion to Enforce Settlement for September 30, 2013. (Doc. 21).

Prior to the oral argument, the Court met with counsel for the parties to try and resolve the

---

[2]Since both parties submitted copies of the April 8, 2013 e-mails, the Court does not quote them herein.

dispute over the settlement of this case. Counsel appeared to have come to an agreement regarding the settlement and advised the Court that the case has settled. Thus, the oral argument scheduled for September 30, 2013, was cancelled.

Accordingly, the Court issued an Order on October 1, 2013, denying as moot Plaintiff's Motion to Enforce the Settlement (Doc. 17) and closed this case. (Doc. 23). Specifically, the Court directed that this case is **DISMISSED,** without costs and without prejudice to the right, upon good cause shown within thirty (30) days, to reinstate the case if the settlement is not consummated. The Court also directed the Clerk of Court to close this case.

On October 2, 2013, counsel for both parties advised the Court that issues regarding the settlement arose and they requested a telephone conference with the Court. The Court then held a telephone conference on the same date and counsel were not able to resolve their differences with respect to settlement of this case. Thus, the Court indicated that it would re-open this case, reinstate Plaintiff's Motion to Enforce the Settlement (Doc. 17) and, reschedule oral argument on Plaintiff's Motion. (Doc. 26). This case was then re-opened.

Also, on October 2, 2013, the Court issued an Order rescheduling oral argument on Plaintiff's Motion to Enforce the Settlement (Doc. 17) for October 8, 2013. (Doc. 25). Thereafter, the Court reinstated Plaintiff's Motion to Enforce the Settlement. (Doc. 27). The Court later issued an Order again rescheduling oral argument on Plaintiff's Motion to Enforce the Settlement (Doc. 17) for October 29, 2013. (Doc. 28).

The Court heard oral argument with respect to Plaintiff's Motion to Enforce Settlement on October 29, 2013. As discussed below, the Court will deny Plaintiff's Motion to Enforce

Settlement and set the case scheduling deadlines.

## II. DISCUSSION.

Plaintiff alleged in her Complaint that Defendant DCI violated the TCPA by placing calls to her cellular telephone number without her prior express consent using an automatic telephone dialing system.[3] Plaintiff also alleged that Defendant violated the FDCPA when a representative of Defendant falsely told Plaintiff on May 15, 2012, that she could only pay off the debt Defendant claimed she owed by providing her checking account information over the telephone. Plaintiff alleged that when she indicated she would not provide her account information over the phone, Defendant's representative hung up on her. Plaintiff averred that subsequently she was advised that she could mail a money order to Defendant's address to pay off the debt. Defendant denied both of Plaintiff's claims, and maintained that Plaintiff consented to be contacted on her cellular telephone via an automatic dialing system, and that none of its employees informed Plaintiff that the only way she could pay the debt was by giving her checking account information on the telephone.

After the parties agreed on the settlement amount and monthly installments, on April 15,

---

[3]*See Gager v. Dell Financail Services, LLC*, –F.3d –, 2013 WL 4463305 (3d Cir. Aug. 22, 2013)(Third Circuit Court reversed dismissal of case alleging violations of 47 U.S.C. §227(b)(1)(A)(iii), "the TCPA's provision banning certain automated calls to cellular phones."). In *Gager*, Plaintiff alleged that Defendant was obliged under the TCPA to stop autodialed calls to her cellular phone since she withdrew her prior express consent to be called on said phone via an automatic dialing system. The District Court granted Defendant's Rule 12(b)(6) Motion to Dismiss since it found that Plaintiff could not revoke her prior express consent. *See Gager v. Dell Financail Services, LLC*, 2012 WL 1942079 (M.D.Pa. May 29, 2012). The Third Circuit Court reversed the dismissal and found that "(1) the TCPA affords [Plaintiff] the right to revoke her prior express consent to be contacted on her cellular phone via an autodialing system and (2) there is no temporal limitation on that right." 2013 WL 4463305, *2.

2013, Defendant sent Plaintiff a proposed written Settlement Agreement with a release provision and confidentiality clause. (Doc. 19-2). Plaintiff refused to sign the proposed written Settlement Agreement stating that it contained numerous provisions which were not contemplated in the settlement. (Doc. 19-3). Defendant offered to discuss the terms of the proposed written Settlement Agreement but indicated that it had always contemplated a written Settlement Agreement as a material part of the $50,000 settlement, and that no payment would be made to Plaintiff without a signed written Settlement Agreement. The first installment payment date passed and Defendant did not make a $10,000 payment to Plaintiff. Plaintiff then filed her instant Motion to Enforce Settlement.

In *Riviello v. First Nat. Community Bank*, 2013 WL 1348259, *1-*2 (M.D. Pa. April 3, 2013), the Court stated:

> Settlement agreements are essentially contracts to which the basic contract principles apply. *Williams v. Metzler*, 132 F.3d 937, 946 (3d Cir.1997); and see *Cal. Sun Tanning USA v. Electric Beach, Inc.*, 369 Fed. Appx. 340, 346 at n. 6 (3d Cir. 2010). The essential elements of a contract are an offer, acceptance, and consideration or a mutual meeting of the minds. *Richter v. Pfundt*, 2009 WL 5064383 (E.D.Pa.) (citing *Yarnall v. Almy*, 703 A.2d 535, 538 (Pa.Super.1997) (citations omitted)).
> 
> In order to be enforceable, an acceptance must be unconditional. *Id.* (citing *Yarnall*, 703 at 539 (citations omitted)). Moreover, where an acceptance is ambiguous, it must be construed against the acceptee. *Eastern Elec. Sales Co. v. Provident Tradesmens Bank & Trust Co.*, 400 Pa. 429, 162 A.2d 215 (Pa.1960).
> 
> "[U]nder ordinary contract law, contracts are enforceable when parties reach a mutual agreement, exchange consideration and have set forth the terms of their bargain with sufficient definiteness to be specifically enforced." *Aircraft Corp v. Strata Lift Inc.*, 103 F.Supp.2d. 830, 836 (E.D.Pa.2000). An agreement is definite when there is a clear indication that the parties intended to form a contract, and there is basis for the court to grant relief. *Id.*
> 
> Because the enforceability of settlement agreements is governed by the

principles of contract law, a meeting of the minds is required. *Mazzella v. Koken*, 559 Pa. 216, 739 A.2d 531 (Pa.1999). As with all contracts, in the formation of an enforceable settlement agreement, "the minds of the parties should meet upon all of the terms, as well as the subject-matter." *Id.* at 536 (citations omitted). If there are matters yet to be determined about the essential terms of a settlement, there is no agreement to enforce. *Id.* at 537. If all of the material terms of a bargain are agreed upon, the settlement will be enforced; however, if there are ambiguities and undetermined matters which render the agreement impossible to enforce, the agreement will be set aside. *Id.*

Where it is found that there is an agreement to settle a lawsuit, voluntarily entered into, it is binding upon the parties, whether or not made in the presence of the court, and even in the absence of a writing. *Green v. John H. Lewis & Co.*, 436 F.2d 389, 390 (3d Cir.1970).

As mentioned, the Court heard oral argument on Plaintiff's Doc. 17 Motion on October 29, 2013. (Doc. 28). During oral argument, the Court heard from both counsel. Plaintiff seeks the Court to enforce the settlement agreement she contends was entered into with Defendant through the April 8, 2013 offer and acceptance e-mails without requiring her to sign a formal written settlement agreement with a release provision. Defendant argues that the April 8, 2013 e-mails did not provide it with consideration regarding the nature of the release it would be given by Plaintiff in exchange for the $50,000 settlement amount and, thus did not constitute an enforceable contract. Specifically, Defendant states in its brief that "[t]here is no consideration for Defendant's promise to pay Plaintiff without a written settlement agreement which includes, *inter alia*, a release." (Doc. 19, p. 5).

The monetary amount of the settlement is not disputed, namely, $50,000. The issue before this Court is whether the parties had agreed that a written settlement agreement with a release and confidentiality clause was required to complete the settlement and was a condition for Defendant

to send Plaintiff the monthly installment settlement checks.

After reading the filings of the parties and their Exhibits (Docs. 17, 18, 19, and 20) and after hearing oral argument with respect to Plaintiff's present Motion, the Court agrees entirely with Defendant that there was no meeting of the minds as to an essential term of the settlement, namely, whether there was a requirement that a written settlement agreement with a release and confidentiality clause had to be signed by Plaintiff before Defendant was required to begin making the monthly installment payments. The Court finds that there was not a true meeting of the minds with respect to the April 8, 2013 e-mails since Defendant's $50,000 offer was conditioned upon Plaintiff signing a written settlement agreement with a release and confidentiality clause, and Plaintiff refused to sign such an agreement. See *Riviello v. First Nat. Community Bank*, supra; *Tallman v. Kidspeace Corp.*, 1996 WL 257334, * 1 (E.D. Pa. 1996); *Linko v. National Action Financial Services*, Civil No. 07-0034, M.D. Pa.

Thus, the Court will deny Plaintiff's Motion to Enforce the Settlement. (Doc. 17).

**III.     CONCLUSION.**

Accordingly, since the Court finds that the parties did not reach a meeting of the minds as to all of the essential terms of the settlement, Plaintiff's Motion to Enforce the Settlement **(Doc. 17)** will be denied.  The case will remain re-opened.  The Court will set the discovery deadline as December 1, 2013, and the dispositive motions deadline for December 16, 2013.  After the Court decides any dispositive motions that are filed, the Court will schedule this case for jury trial forthwith with respect to any remaining claims.[4]

An appropriate Order will be issued.

THOMAS M. BLEWITT
United States Magistrate Judge

Dated: October 29, 2013

---

[4] The Court notes that Plaintiff's Complaint contained a demand for a jury trial. (Doc. 1-3).